*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOHNATHAN LAMAR BURKS,

        Defendant-Appellant.

UNPUBLISHED
May 19, 2026
11:11 AM

No. 369129
Wayne Circuit Court
LC No. 16-002935-03-FC

Before: FEENEY, P.J., and GARRETT and BAZZI, JJ.

GARRETT, J. (*dissenting*).

I disagree with the majority's determination that the trial court did not assess 100 points under offense variable (OV 3) based on conduct regarding which defendant, Johnathan Lamar Burks, was acquitted. I would hold that the trial court sentenced Burks relying on conduct that formed the basis of the charges the jury acquitted him of committing—first-degree premeditated murder, MCL 750.316(1)(a), first-degree felony murder, MCL 750.316(1)(b), two counts of assault with intent to commit murder, MCL 750.83, and discharge of a firearm at a dwelling causing death, MCL 750.234b(5). Accordingly, I would vacate Burks's sentence and remand for resentencing as required under *People v Beck*, 504 Mich 605; 939 NW2d 213 (2019).

## I. PROCEDURAL HURDLES

I first address Burks's procedural hurdles for obtaining relief under MCR subchapter 6.500. MCR 6.508(D)(2) precludes relief if the defendant's motion for relief from judgment "alleges grounds for relief which were decided against the defendant in a prior appeal or proceeding under this subchapter, unless the defendant establishes that a retroactive change in the law has undermined the prior decision[.]" The court rule further states, "[F]or purposes of this provision, a court is not precluded from considering previously decided claims in the context of a new claim for relief, such as in determining whether new evidence would make a different result probable on retrial, or if the previously decided claims, when considered together with the new claim for relief, create a significant possibility of actual innocence[.]" Subchapter 6.500 also precludes relief for claims of error not previously raised unless the defendant establishes "good cause" for failing to raise the grounds for relief on appeal or in a prior motion for relief from judgment, MCR

6.508(D)(3)(a), and "actual prejudice from the alleged irregularities that support the claim for relief," MCR 6.508(D)(3)(b). A defendant may establish actual prejudice with respect to a sentence by showing that "the sentence is invalid." MCR 6.508(D)(3)(b)(*iv*).

In his appeal of right, Burks argued that he was entitled to resentencing because his sentence was based on acquitted conduct. As part of that argument, he asserted that OV 3 was scored 100 points based on "conduct of which he was acquitted[.]" Although this Court addressed Burks's argument that his sentence was not reasonable or proportionate because it was based on acquitted conduct, it did not address Burks's claim of error as it pertained to OV 3. *People v Burks*, unpublished per curiam opinion of the Court of Appeals, issued April 3, 2018 (Docket No. 335955) (*Burks I*), pp 4-5. Moreover, after our Supreme Court vacated this Court's sentencing determination and remanded for reconsideration in light of *Beck*, this Court expressly declined to address Burks's argument regarding OV 3, finding it outside the scope of the remand order. *People v Burks*, unpublished per curiam opinion of the Court of Appeals, issued February 27, 2020 (Docket No. 335955) (*Burks II*), p 4.

Therefore, Burks did not fail to assert his claim of error regarding OV 3 previously as stated in MCR 6.508(D)(3), and his alleged basis for relief was not decided against him previously as stated in MCR 6.508(D)(2). In addition, although Burks's argument is very similar to his sentencing argument that this Court previously addressed, "a court is not precluded from considering previously decided claims in the context of a new claim for relief[.]" MCR 6.508(D)(2). Accordingly, subchapter 6.500 does not preclude granting relief on Burks's claim that the trial court erroneously scored OV 3 based on acquitted conduct.

Likewise, *People v Motten*, ___ Mich App ___; ___ NW2d ___ (2024) (Docket No. 363044), lv pending, does not preclude granting relief on Burks's claim. In that case, the defendant filed several successive motions for relief from judgment before filing his motion seeking relief under *Beck*. *Id*. at 2. The trial court denied the motion, and this Court denied leave to appeal. *People v Motten*, unpublished order of the Court of Appeals, entered February 21, 2023 (Docket No. 363044). Our Supreme Court remanded for consideration as on leave granted, specifically directing this Court to address whether *Beck* "should apply retroactively to cases that have become final on direct review." *People v Motten*, 511 Mich 1003 (2023). On remand, this Court held that "*Beck*'s holding is not retroactive on collateral review." *Motten*, ___ Mich App at ___; slip op at 1. Thereafter, the defendant filed an application for leave to appeal with our Supreme Court, which granted oral argument on the application.[1] *People v Motten*, ___ Mich ___; 25 NW3d 115 (2025).

Unlike *Motten*, Burks's direct appeal was not final when our Supreme Court decided *Beck*. In fact, our Supreme Court vacated this Court's sentencing analysis and remanded Burks's case to this Court for reconsideration in light of *Beck*. *People v Burks*, 505 Mich 873 (2019). As previously stated, although Burks challenged the scoring of OV 3 on the basis that the trial court considered acquitted conduct in scoring the variable, this Court declined to address that argument. *Burks II*, unpub op at 4. Because Burks's direct appeal was not final when *Beck* was decided,

---

[1] Oral arguments are scheduled to be heard in May 2026.

Burks challenged the scoring of OV 3 based on the reasoning of *Beck*, and this Court declined to address his argument, *Motten* does not preclude relief.

## II. SUBSTANTIVE ANALYSIS

"In reviewing a trial court's calculation of a defendant's sentencing guidelines score, this Court reviews factual determinations for clear error, and factual determinations must be supported by a preponderance of the evidence." *People v Anderson*, 322 Mich App 622, 634; 912 NW2d 607 (2018). In *Beck*, our Supreme Court held that "due process bars sentencing courts from finding by a preponderance of the evidence that a defendant engaged in conduct of which he was acquitted" and relying on those findings when imposing a sentence. *Beck*, 504 Mich at 629. In support of its decision, the Court relied on the presumption of innocence:

> When a jury has made no findings (as with uncharged conduct, for example), no constitutional impediment prevents a sentencing court from punishing the defendant as if he engaged in that conduct using a preponderance-of-the-evidence standard. But when a jury has specifically determined that the prosecution has not proven beyond a reasonable doubt that a defendant engaged in certain conduct, the defendant continues to be presumed innocent. [*Id*. at 626.]

The Court further stated, "[C]onduct that is protected by the presumption of innocence may not be evaluated using the preponderance-of-the-evidence standard without violating due process." *Id*. at 627. The Court vacated the defendant's sentence and remanded for resentencing because the trial court found by a preponderance of the evidence at sentencing that the defendant committed a murder that the jury acquitted him of committing. *Id*. at 610-612, 630.

Both this Court and our Supreme Court have applied *Beck* in the context of OV scoring. For example, in *People v Boukhatmi*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 363998); slip op at 2-3, 7, this Court vacated the defendant's sentence and remanded for resentencing when the trial court increased the defendant's OV 13 score based on a pattern of activity but the jury convicted the defendant of only one criminal sexual conduct (CSC) charge and acquitted him of the remaining three CSC charges. This Court stated, "[T]he trial court could not find that defendant committed three or more CSC crimes against RB to increase his punishment under OV 13. Doing so was precisely what *Beck* forbade—it punished defendant as though he were convicted of four counts of CSC, when he was convicted of one count and acquitted of three." *Id*. at 7.

In *People v Jackson*, unpublished per curiam opinion of the Court of Appeals, issued February 25, 2021 (Docket No. 344242), p 5, the trial court scored 15 points for OV 1 on the basis that the defendant used a weapon during a home invasion and sexual assault. However, the jury acquitted the defendant of felon-in-possession of a firearm and felony-firearm. *Id*. While this Court affirmed the OV 1 score, *id*. at 6, our Supreme Court vacated the defendant's sentence and remanded for resentencing, stating as follows:

> In lieu of granting leave to appeal, we REVERSE that part of the judgment of the Court of Appeals affirming the 15-point score assigned to Offense Variable (OV) 1 of the judicial sentencing guidelines, we VACATE the sentence of the Wayne

Circuit Court, and we REMAND this case to the trial court for resentencing. On remand, the trial court shall score OV 1 at 0 points because the jury acquitted the defendant of the charges alleging that he possessed a firearm, and the facts do not establish that he possessed another type of weapon. See *People v Beck*, 504 Mich 605; 939 NW2d 213 (2019). [*People v Jackson*, 509 Mich 981 (2022).][2]

Because the trial court in the instant case relied on acquitted conduct in assessing 100 points for OV 3, I would vacate Burks's sentence and remand for resentencing as in *Boukhatmi* and *Jackson.* I disagree with the majority that the trial court scored OV 3 based on Burks's pre-offense conduct as opposed to his acquitted conduct. When Burks objected to scoring 100 points for OV 3, the trial court stated, "I'll note the objection. I am going to score it 100 points." The court did not provide any reasoning in support of its decision. Before sentencing Burks, the trial court stated as follows:

> Well, Mr. Burks, if you have a small child, then you of all people should have known that possible harm and what possible heartache could come from gunfire being utilized in a small residential place where there was a three-year old child.

> In this particular case you mobilized an angry, volatile young person that you knew to be angry and volatile, and who had a penchant for using guns to come over and rally with you because of someone's missing tennis shoes.

> A three-year old child has no future. There is a heartache for that family because it was your idea. You were the one who instigated the phone call and all of the action that led to a three-year old child being murdered on Easter Sunday.

> I know that your position has been that you didn't do anything, that you were just there watching.

> Well, the jury didn't believe that, and I don't believe that. Nobody brings spectators to a murder. You were involved. You were there in the car with the shooter driving there, and you were there with the shooter driving away, and you were prepared to be the wheel man to drive away.

> And but for your active involvement, that three-year old child would be alive today. You bear enormous responsibility.

The trial court's reasoning is similar to the trial court's reasoning in *People v Brown*, 339 Mich App 411; 984 NW2d 486 (2021). In that case, a jury convicted the defendant of felon-in-possession of a firearm and felony-firearm but acquitted him of second-degree murder and voluntary manslaughter on a self-defense theory. *Id*. at 414. The trial court upwardly departed

---

[2] I cite *Boukhatmi* and *Jackson* as examples of cases in which this Court or our Supreme Court applied *Beck* in the context of OV scoring, but they are not the only cases in which *Beck* has been applied in the context of OV scoring.

from the sentencing guidelines range, stating that the victim would still be alive if the defendant had not gone to the scene to incite violence while carrying a gun that he cocked as he approached. *Id*. at 418. The trial court also stated:

> This Court's sentence has to be proportional, it has to be reasonable, and the Court does not believe that the guidelines really encompass . . . the entire picture of defendant's life and what he's done. Certainly . . . he's done . . . some things perhaps on parole that are commendable . . . in taking care of him and his family, but that doesn't absolve him of his history and it doesn't absolve him of the fact that had he not chose . . . to bring this weapon, Mr. Johnson would still be alive. And again, and I can't emphasize it enough, he was acquitted of murder. He doesn't deserve to be sentenced as a murderer, and the Court is not finding in any way, shape or form that is the case, but the Court has to put this crime in context and fashion an appropriate sentence. [*Id*. at 418-419 (brackets omitted; second ellipsis added).]

This Court vacated the defendant's sentence and remanded for resentencing, stating that the trial court erred by holding the defendant responsible for Johnson's death when the jury acquitted him of second-degree murder and voluntary manslaughter. *Id*. at 426-428. This Court noted that the trial court remarked "on several occasions that, but for defendant's actions, Johnson would still be alive." *Id*. at 427.

Similarly, in the instant case, the trial court repeatedly remarked that a three-year-old died because of Burks's conduct. The court further disclaimed Burks's theory that he was not involved in the shooting, stating "Nobody brings spectators to a murder. You were involved." The court also remarked that "but for" Burks's involvement, "that three-year old child would be alive today." Because the trial court assessed 100 points for OV 3 and sentenced Burks as if the jury did not acquit him of first-degree premeditated murder and first-degree felony murder, I would vacate Burks's sentence and remand for resentencing.

/s/ Kristina Robinson Garrett